**ELDEFONSO C. CACATIAN**, Petitioner–Appellant, v. **STATE OF HAWAII**, Respondent–Appellee

NO. 13195

(S. P. – PRISONER NO. 88–0008)

APRIL 24, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

Appellant was convicted of burglary in the first degree, robbery in the first degree, kidnapping, and reckless endangering in the first degree. On appeal, we affirmed by memorandum opinion. As that opinion makes

clear, the principal contention, raised in the appeal, was one of a failure of proof of identity.

Appellant commenced the present proceeding, pro se. Appellant's basic contention is that his trial attorney rendered ineffective assistance to him. He claims his attorney failed to prepare for the case, failed to interview witnesses, failed to listen to appellant's suggestions, etc. Appellant alleged *inter alia*: "That petitioner did not testify on his own behalf under the [advice] of his attorney," and "Mr. King [appellant's trial attorney] refused the Defendant to take the stand in his own behalf."

The petition in this case was filed April 13, 1988. On May 13, the Office of the Public Defender filed a "Determination of Merit, Findings and Recommendation of the Public Defender," concluding that the petition had no merit, but that the Public Defender, because of a conflict of interest as to the merits and as an underlying criminal case, could not represent the appellant, and that another attorney should be appointed. On the same day, the court appointed another attorney. On June 14, another determination of merit to the same effect was filed, along with a June 7 appointment of appellant's present counsel. On June 20, the court below entered an order denying post–conviction relief, which stated:

> The Court having reviewed the petition for post–conviction relief and the documents attached thereto, the Court finds that said petition is without merit as a claim for relief under Rule 40 of the Hawaii Rules of Penal Procedure and hereby denies the same.

There is no indication in the record, that the State was ever served with the petition as is required by HRPP 40(d). The court below should have required the service of the petition on the State, and erred in disposing of the case before the State had either answered or otherwise pled.

As we noted in ***Lincoln v. State***, 66 Haw. 566, 670 P.2d 1263 (1983), HRPP 40(f) states in part:

> If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact

when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.

The petitioner shall have a full and fair hearing on his petition. The court shall receive all evidence that is relevant and necessary to determine the petition, including affidavits, depositions, oral testimony, certificate of the trial judge, and relevant and necessary portions of transcripts of prior proceedings. The petitioner shall have a right to be present at any evidentiary hearing at which a material question of fact is litigated.

Given the wording of the trial court's order, we do not know if the court made the necessary finding that the petitioner's claim was patently frivolous and without a trace of support in the record or in other evidence submitted by the petitioner. If such was the case, the court below erred in not specifically so stating. If such was not the case, the court erred below in dismissing the petition.

Moreover, if, as is alleged, appellant's counsel prevented him from testifying, and if appellant establishes at a hearing that he expressed to counsel his desire to testify that he was not the perpetrator of the crimes in question, then there may be some color to the contention that he had the ineffective assistance of counsel at trial. Such matters can only be determined at a hearing.

Our review of the record indicates that appellant's other claims of ineffective assistance of counsel are patently frivolous and without a trace of support in the record and other papers.

We therefore reverse and remand for a hearing to bring out what transpired between appellant and his counsel at the trial with respect to his desire to testify, what he stated he was intending to testify to, and, if appellant's counsel did prevent him from testifying after he had expressed a desire to testify that he was not the perpetrator in the crime, what reasons counsel had for not putting him on the stand. From such evidence, the court below can then make an appropriate determination of whether there was ineffective assistance of counsel.

We note that the State argues in its brief that weight should be given to the determination of lack of merit by the public defender for the purpose of determining whether the claim is patently frivolous and without a trace of support, and of determining the merits of the claims. Under HRPP 40, the trial court, in deciding the case, should give no weight to the public defender's determination of merit, and were we satisfied that the

trial court entered its order because of the public defender's determination, that would constitute an additional ground for reversal. Reversed and remanded for further proceedings consistent herewith.

*Lane Y. Takahashi* for appellant.

*Alexa D.M. Fujise*, Deputy Prosecuting Attorney, for appellee.