873 P.2d 775

**Orlino C. DOMINGO, Petitioner–Appellant,**

v.

**STATE of Hawai'i, Respondent–Appellee.**

**No. 16127.**

Supreme Court of Hawai'i.

May 26, 1994.

Collin K.C. Lau, on the briefs, Honolulu, for petitioner-appellant.

Charlotte J. Duarte, Deputy Prosecuting Atty., on the briefs, Honolulu, for respondent-appellee.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

KLEIN, Justice.

Orlino C. Domingo appeals from the circuit court's denial of his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I. BACKGROUND

On April 22, 1985, Domingo was charged by way of complaint with the murder of his stepfather in violation of Hawai'i Revised Statutes (HRS) § 707–701 (1985). Domingo was found guilty as charged in a jury trial (the first trial) and sentenced to life imprisonment with the possibility of parole. The evidence presented by the prosecution included, among other things, a "warning of rights" form that had been signed by Domingo after he was arrested, testimony of one of

Domingo's mental examiners, and evidence of statements made by Domingo when he called 911 after he shot his stepfather. The evidence presented by the defense consisted largely of Domingo's own testimony. On appeal, the judgment was reversed and the case remanded for a new trial on the grounds that (1) the introduction into evidence of the "warning of rights" form violated Domingo's rights under article 1, sections 10 and 14 of the Hawai'i Constitution because of the likelihood that the jury could have inferred therefrom that Domingo had invoked his right to remain silent, and (2) the use of statements made by Domingo to a mental examiner to impeach Domingo's testimony violated HRS § 704–416 (1985). *State v. Domingo*, 69 Haw. 68, 733 P.2d 690 (1987).

On remand, Domingo waived his right to a jury trial and, in the subsequent jury-waived trial (the second trial), Domingo was again convicted and sentenced to life imprisonment with the possibility of parole. In the second trial, although Domingo did not testify, portions of the transcript of Domingo's testimony from the first trial were introduced by the prosecution during its case-in-chief. Domingo's attorney did not object because the prosecution only offered those portions of Domingo's testimony that did not relate to the grounds on which the judgment in the first trial had been reversed, and the transcript was admitted into evidence. In addition, the prosecution again presented evidence regarding statements made by Domingo when he called 911. Domingo appealed the second conviction arguing that the circuit court misapplied the law regarding extreme emotional disturbance manslaughter and that his trial counsel provided ineffective assistance by failing to introduce certain evidence in support of his "psycho-cultural" theory of emotional disturbance. We denied the appeal and affirmed the judgment of the circuit court in the second trial. *State v. Domingo*, 71 Haw. 657, 833 P.2d 897 (1990) (mem.).

Domingo subsequently filed a petition for post-conviction relief pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (1989).[1] In the petition, Domingo alleged that (1) the conviction was obtained in violation of his privilege against self-incrimination, (2) the prosecution unconstitutionally failed to disclose evidence favorable to the defense, (3) the conviction violated the protection against double jeopardy, and (4) he was denied the effective assistance of counsel. The circuit court reviewed the petition and made an initial determination that the petition was meritorious. Accordingly, counsel was appointed to assist Domingo and an evidentiary hearing was held. The only evidence presented at that hearing was testimony from Domingo.

After Domingo testified, the circuit court heard arguments regarding the appropriateness of post-conviction relief. At the conclusion of the hearing, the circuit court orally denied Domingo's petition. A written order reflecting the circuit court's ruling was subsequently entered on April 20, 1992. The order stated the basis for denying the petition as follows:

> Nothing before the Court in evidence or on record shows that trial counsel's lack of skill or diligence or any error or omission results [sic] in a withdrawal or an impairment of a potentially meritorious defense at trial, nor that counsel's assistance at the trial and at the appellate level were not within the range of competence demanded of attorney's [sic] in criminal cases.

No separate findings of fact or conclusions of law were filed and no express references were made to any of Domingo's asserted grounds for relief, other than the alleged ineffective assistance of counsel. This appeal followed.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

■ Domingo argues that the circuit court erred in rejecting his claim that he had received ineffective assistance of counsel. He argues that ineffective assistance at trial was demonstrated by his testimony regarding the decision to waive his right to a jury trial and

---

1. By order dated April 18, 1994, this court promulgated several amendments to HRPP Rule 40, effective April 28, 1994. None of those amendments are relevant to the issues raised in this appeal.

that ineffective assistance on appeal was demonstrated by his testimony regarding appellate counsel's failure to properly raise certain issues on appeal. We cannot agree.

### 1. *Ineffective assistance at trial*

 In order to establish the ineffective assistance of counsel at trial, a petitioner must show: " '1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.' " *State v. Silva,* 75 Haw. ——, ——, 864 P.2d 583, 593 (1993) (quoting *State v. Aplaca,* 74 Haw. 54, 66–67, 837 P.2d 1298, 1305 (1992)). Although the right to a jury trial in serious criminal cases is a fundamental right, *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, *reh'g denied,* 392 U.S. 947, 88 S.Ct. 2270, 20 L.Ed.2d 1412 (1968), the waiver of that right, in and of itself, does not result in the withdrawal or substantial impairment of any defense. Moreover, "where it appears from the record that a defendant has waived a constitutional right, the defendant carries the burden of proof to show otherwise by a preponderance of the evidence." *State v. Ibuos,* 75 Haw. 118, 121, 857 P.2d 576, 578 (1993). In the instant case, the record reveals that prior to the second trial, the circuit court questioned Domingo at length before accepting the waiver of his right to a trial by jury, and Domingo has presented no evidence that the waiver was anything other than a knowing and voluntary waiver.

 On the other hand, the right to a trial by jury is a personal right that cannot be waived by anyone other than the defendant, *Ibuos,* 75 Haw. at 121, 857 P.2d at 578, and Domingo could claim that his attorney rendered ineffective assistance by usurping Domingo's opportunity to demand a jury trial. Domingo's testimony regarding the decision to proceed by way of a jury-waived trial in the second trial, however, does not support such a contention:

Q. ... Do you recall talking to your attorney about not having a jury trial the second time?

A. I waived my right because I thought it was better for me to go without the jury 'cause for appeal, and I thought it was best for me to talk to the Judge and let him decide.

\* \* \* \* \* \*

A. I thought I—at the second trial I waived my right to jury trial because I thought it was best, because they had different opinions, yeah, and I thought I could go to the Judge and talk to him and let him decide what was best, what he think of—

Q. Was that your attorney's recommendation or was that your recommendation?

A. He asked me, he asked me what would be the best or—so since I got convicted the first time he gave me the expression [sic] that if I go to the jury it would be—they have different opinion on, and he also gave me—told me that if I could talk to the Judge and let him decide and then he tells me what would be the best thing for me to do, so I told him that I go to the Judge alone.

\* \* \* \* \* \*

Q. Mr. Domingo, now, you said you had a problem with your attorney over the issue of whether or not to waive a jury, is that what you're testifying to, or were your attorney and you agreeing on that?

A. It wasn't a problem, it's more like I never understand what would be the best thing. He gave me the choice, so I didn't go to the Judge, I thought I could talk to the Judge and admit certain parts, that stuff that happened, but they went over my head to convict me and stuff like that.

The foregoing testimony from the Rule 40 hearing clearly indicates that Domingo's trial counsel informed him that he had a right to a trial by jury and allowed him to make the ultimate decision on that issue. Thus, even if the decision to waive jury trial could, in appropriate circumstances, implicate a claim

of ineffective assistance of counsel, no such circumstances are present here.

### 2. *Ineffective assistance on appeal*

■ In order to establish the ineffective assistance of counsel on appeal, a petitioner must show that (1) his appellate counsel omitted an appealable issue, and (2) in light of the entire record, the status of the law, and the space and time limitations inherent in the appellate process, a reasonably competent, informed and diligent criminal attorney would not have omitted that issue. *Briones v. State,* 74 Haw. 442, 466–67, 848 P.2d 966, 977–78 (1993). Domingo testified at the Rule 40 hearing regarding the appeal as follows:

Q. Now, you mentioned as your fourth ground on your petition during attorney and client research Petitioner advised attorney about errors on trial. Can you tell the Court what errors you were talking about?

A. Well, first of all, the conviction or the way they convicted me and some testimony by the Judge that was—that he favored the State's circumstantial evidence instead of the direct evidence that they have found against me. My life was in danger, and the State's using the fact that—of me calling the police to come and help because I have—the guy was still alive at that time and I wanted to help him yet, and used that against me that said that it was intentional in saying that, you know, I have—I had planned to murder the guy, but it was all coincidence, see. They shouldn't have used that part against me. I think it was in closing ar—on the closing argument. And when he made the appeal I don't think he stated directly. the way I said it. He said that he wrote it differently, explained it—

Q. Is there any other instruction that you gave your attorney that he failed to follow?

A. Well, that's, that was just the mixed feeling I had was the appeal briefs, I think that was about it.

Q. Was there any other instruction that your attorney did not follow that you gave to that attorney?

A. I don't think so.

■ From this testimony, we can discern two issues that Domingo apparently believes should have been raised by his appellate counsel: (1) that the trial judge improperly weighed the evidence; and (2) that the State improperly introduced evidence of statements made by Domingo when he called 911. As to the first issue, it is well-settled that "an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trial judge." *Amfac, Inc. v. Waikiki Beachcomber Investment Co.,* 74 Haw. 85, 117, 839 P.2d 10, 28 (citation and internal quotation marks omitted), *reconsideration denied,* 74 Haw. 650, 843 P.2d 144 (1992); *see also State v. Aplaca,* 74 Haw. at 65–66, 837 P.2d at 1304–05. Thus, the failure to raise the issue that the trial judge improperly weighed the evidence does not constitute ineffective assistance of counsel on appeal.

■ As to the second issue, the record reveals that trial counsel did not object to the evidence of the statements made by Domingo when he called 911. If "appellate counsel was precluded from raising an issue on appeal because trial counsel failed to preserve that issue for appellate review, that issue is not an 'appealable issue.'" *Briones,* 74 Haw. at 466 n. 14, 848 P.2d at 977–78 n. 14. Moreover, Domingo has pointed to no statute, rule, or constitutional provision that would prohibit the State from using statements made in a 911 call at trial against the caller. Thus, Domingo has not established that counsel's failure to raise the 911 issue constituted ineffective assistance on appeal.

### B. *Circuit Court's Failure to Enter Specific Findings of Fact and Conclusions of Law*

■ Domingo's second argument is that the denial of his petition should be vacated because the circuit court did not rule on the grounds for relief raised in the petition other than the claim of ineffective assistance of counsel. Domingo relies primarily on our opinion in *Cacatian v. State,* 70 Haw. 402, 772 P.2d 691 (1989). In *Cacatian,* we held

that, pursuant to HRPP Rule 40(f),[2] the circuit court erred in denying a petition for post-conviction relief without either holding a hearing on the issues raised in the petition or making a specific finding that the petitioner's claims were "patently frivolous and without a trace of support in the record or in other evidence submitted by the petitioner." 70 Haw. at 404, 772 P.2d at 692. In the instant case, the circuit court reviewed Domingo's petition, found it to be meritorious, referred the case to the Office of the Public Defender for the appointment of counsel, and held an evidentiary hearing prior to ruling on the petition. Thus, the circuit court complied with sections (f) and (i)[3] of HRPP Rule 40, and *Cacatian* does not require reversal.

■■■■ On the other hand, if the petition is not dismissed as "patently frivolous," HRPP Rule 40(g) requires the circuit court to "state its findings of fact and conclusions of law in entering its judgment on the petition." In the instant case, the circuit court did not state any findings of fact or conclusions of law with respect to Domingo's claims that there was a violation of the privilege against self-incrimination, that the prosecution failed to disclose evidence favorable to the defense, or that the second trial violated the protection against double jeopardy. Although the circuit court erred by failing to state appropriate findings of fact and conclusions of law,[4] a review of the record, including Domingo's own testimony at the Rule 40 hearing, reveals that the error was harmless.

### 1. *Self-incrimination*

■■■■ Domingo testified regarding his claim that the conviction in the second trial

was obtained in violation of his right against self-incrimination as follows:

Q. Now, in some of your grounds for your petition you mentioned something about self-incrimination. Does that have something to do with a transcript from your first, from your jury trial being reviewed by the Judge in the bench trial? I'm trying to help explain your grounds here in your petition that you have written down.

A. Well, yes.

Q. Okay. So because you had a jury-waived trial the second time, your attorney then allowed transcript material from your jury trial to come in?

A. Yes, that's what I understand, that's what I remember saying, telling him, him telling the Judge that if he could look at my testimony in the first trial to use it on my second trial.

■■■■ The right against self-incrimination prohibits the use at trial of statements made by a defendant that were obtained in violation of the constitutional guarantee that "[n]o person shall ... be compelled in any criminal case to be a witness against oneself." Haw. Const. art. I, § 10 (1978); U.S. Const. amend. V; *State v. Kelekolio*, 74 Haw. 479, 501–02, 849 P.2d 58, 69 (1993). This prohibition extends to statements made by a defendant in a criminal trial if the "trial testimony was in fact impelled by the prosecution's wrongful use of ... illegally obtained confessions." *Harrison v. United States*, 392 U.S. 219, 224, 88 S.Ct. 2008, 2011, 20 L.Ed.2d

---

2. HRPP Rule 40(f) provides in pertinent part: If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner.

3. HRPP Rule 40(i) requires the circuit court to refer petitions of indigent petitioners to the public defender unless "the petitioner's claim is patently frivolous and without trace of support either in the record or from other evidence submitted by the petitioner."

4. The State argues that because all of the grounds for relief raised by Domingo could have been raised by trial or appellate counsel, and because the only ground for relief that Domingo's attorney explicitly mentioned during argument at the hearing was the ineffective assistance claim, the circuit court's ruling that Domingo was not denied the effective assistance of counsel encompassed all of the other grounds. Even if the circuit court intended its ruling on the ineffective assistance claim to encompass all of the other grounds raised by Domingo, however, the circuit court erred by failing to state findings of fact or conclusions of law to that effect.

1047 (1968). Where the reversal of the original criminal trial was not based on the use of illegally obtained confessions in the prosecution's case-in-chief, however, the right against self-incrimination does not prevent the prosecution from introducing the defendant's testimony into evidence on retrial. *See Turner v. State,* 98 Nev. 103, 641 P.2d 1062 (1982); *Arizona ex rel. LaSota v. Corcoran,* 119 Ariz. 573, 583 P.2d 229 (1978).

In the instant case, the reversal of Domingo's original conviction was not based on the prosecution's use of illegally obtained confessions.[5] Moreover, Domingo has never alleged that he was in any way compelled to testify at the first trial. Therefore, the circuit court's error in failing to expressly state findings of fact and conclusions of law with respect to the alleged violation of Domingo's right against self-incrimination was harmless error.

### 2. *Prosecution's failure to disclose*

■ Domingo testified regarding his claim that the prosecution failed to disclose evidence favorable to the defense as follows:

Q. Now, on Ground Number B on the petition at Page 5 you say your conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant. What evidence are you talking about?

A. The time that I went call the policeman, policemen, ambulance, told them to come help me, this guy was alive, I wanted to help him yet, and when I went to trial, yeah, they, the prosecutor, or how I want to say it, he forced the issue that, you know, by turning myself in, by calling the police to ask them for help, they said that, oh, I had planned to use that tactic to kill the guy, I wrote it down or something like

that, cause said that part was intentional.

Q. Mr. Domingo, was there anything that you think that the prosecution withheld from you or your attorney that came out at trial?

A. No, it's just that it shouldn't have been used, I guess.

Q. You don't recall any testimony or documents that were not given by the State to you or your counsel before trial?

A. No, not that I know of.

■ " 'Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.' " *State v. Moriwake,* 71 Haw. 347, 356, 791 P.2d 392, 397 (quoting *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963)), *reconsideration denied,* 71 Haw. 665, 833 P.2d 900 (1990). The only pieces of evidence that Domingo alleged that the prosecution failed to disclose were statements made by Domingo when he called 911. The record reveals, however, that the prosecution had used the same statements in the first trial. There is absolutely no indication that the prosecution in any way suppressed that evidence. Therefore, the circuit court's error in failing to expressly state findings of fact and conclusions of law with respect to the alleged failure of the prosecution to disclose evidence favorable to the defense was harmless error.

### 3. *Double jeopardy*

■ Domingo testified regarding his claim that the second trial was prosecuted in violation of the protection against double jeopardy as follows:

Q. Now, in Ground Number C you state Petitioner has been convicted twice by

---

**5.** The first ground for reversal of the judgment in the first trial was that the jury may have inferred that Domingo had asserted his right to remain silent from the warning of rights form. Although infringing upon the right against self-incrimination, evidence that a defendant may have invoked his or her right to remain silent does not create a situation where the defendant is compelled to testify in order to refute statements attributed to himself or herself as does the use of illegally obtained confessions. The second ground for reversal, the improper use of statements made to a medical examiner, was based on evidence that was only admitted into evidence after Domingo had testified and, therefore, could not have compelled him to testify.

the same charge. What do you mean by that?

A. I don't know the law too much, yeah. I was reading this law in the law library one day, and it said that people cannot be convicted twice of the same, I don't know if I'm saying it right or, but it said that I cannot be convicted twice on the same charge. That's why I had to write that down and explain.

Q. So you're saying when your case was reversed the first time by the Supreme Court—

A. Yes.

Q. —and it came back down on trial again—

A. And then they still found me guilty on the same—

Q. —that you were twice in jeopardy?

A. Yeah.

Q. Do you have any other double jeopardy claims besides that?

A. No, just my conviction.

 The law is clear that a retrial after the reversal of a conviction for trial error does not violate the constitutional protection against double jeopardy. *State v. Hamala,* 73 Haw. 289, 293, 834 P.2d 275, 277 (1992). Therefore, the circuit court's error in failing to expressly state findings of fact and conclusions of law with respect to the alleged double jeopardy violation was harmless error.

## III. *CONCLUSION*

For all of the foregoing reasons, we affirm the circuit court's order denying Domingo's petition for post-conviction relief.