**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000301
29-APR-2022
02:38 PM
Dkt. 64 SO**

NO. CAAP-20-0000301

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NOE KIM RAQUINIO, Petitioner-Appellant v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3PR19100002K; CR. NO. 3CPC-17-0000617)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and McCullen, JJ.)

Self-represented Petitioner-Appellant Noe Kim Raquinio
(**Raquinio**) appeals from the "Findings of Fact, Conclusions of
Law, and Order Denying Petition Filed October 15, 2019" (**Order
Denying Rule 40 Petition**), entered on April 21, 2020, in the
Circuit Court of the Third Circuit (**Circuit Court**).[1]  For the
reasons explained below, we affirm in part, vacate in part and
remand.

### I. Background

Pursuant to a January 5, 2018 plea agreement with
Respondent-Appellee State of Hawaiʻi (**State**), Raquinio pleaded
guilty to and was convicted of Promoting a Dangerous Drug in the
Second Degree, in violation of Hawaii Revised Statutes (**HRS**)
§ 712-1242(1)(b)(i) (Supp. 2017),[2] in Criminal No. 3CPC-17-

---

[1]    The Honorable Robert D.S. Kim presided.

[2]    HRS § 712-1242(1)(b)(i) provides:

    (1) A person commits the offense of promoting a
dangerous drug in the second degree if the person knowingly:

(continued...)

0000617.[3]  Raquinio was sentenced to a four-year term of probation.  The terms of probation included, *inter alia*, a one-year term of incarceration, with all time suspended.  On January 19, 2018, the Circuit Court entered the Judgment of Conviction and Probation Sentence (**Judgment**).  Raquinio did not appeal from the Judgment.

On March 25, 2019, Raquinio's court-appointed defense counsel, Frank L. Miller (**Miller**), moved to withdraw, "due to a conflict of interest and at the request of [Raquinio]."  The Circuit Court orally granted the motion on April 5, 2019, and entered the written Order Granting Counsel's Motion to Withdraw on April 18, 2019.

Beginning in April 2019, Raquinio, self-represented, filed a series of post-conviction motions, including a May 16, 2019 motion requesting new appointed counsel.  At an August 8, 2019 hearing, the Circuit Court stated that it would appoint counsel for Raquinio to determine whether there was a basis for a petition under Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40, and denied Raquinio's other motions without prejudice.

On October 7, 2019, Raquinio initiated the Rule 40 proceeding underlying this appeal by filing a series of documents, including a "Motion to Withdraw Guilty Plea" and

---

[2]  (...continued)

    . . . .

    (b)    Possesses one or more preparations, compounds, mixtures, or substances of an aggregate weight of:

        (i)    One-eighth ounce or more, containing methamphetamine, heroin, morphine, or cocaine or any of their respective salts, isomers, and salts of isomers. . . .

        . . . .

    . . . .

    (2) Promoting a dangerous drug in the second degree is a class B felony.

[3]  Raquinio was charged via indictment with Promoting a Dangerous Drug in the First Degree, in violation of HRS § 712-1241(1)(a); Promoting a Dangerous Drug in the Third Degree, in violation of HRS § 712-1243(1); and Prohibited Acts Related to Drug Paraphernalia, in violation of HRS § 329-43.5. Raquinio initially pleaded not guilty.

"[Raquinio's] Memorandum Ineffective Counsel [sic] in Support of Rule 40 HRPP" (**Memorandum in Support of Rule 40 Petition**).  On October 15, 2019, Raquinio filed a "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner [from] Custody," pursuant to HRPP Rule 40 (**Rule 40 Petition**).  The Rule 40 Petition challenged the Judgment on the following grounds: (1) "In[eff]ective Counsel[,] coerced into guilty plea" (**Ground One**); (2) "Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure"; (3) "Conviction obtained by use of evidence obtained pursuant to arrest"; and (4) "Newl[]y Discovered Evidence".

On October 17, 2019, the Circuit Court appointed attorney Terry Fujioka-Lilley (**Fujioka-Lilley**) to represent Raquinio on his Rule 40 Petition.  On January 6, 2020, Fujioka-Lilley filed a motion to withdraw as counsel due to "an un-resolvable disagreement [with Raquinio] as to legal strategy and legal effect of certain historical facts[.]"  At a January 13, 2020 hearing, the Circuit Court granted the motion to withdraw.  Raquinio was present, made no objection, and indicated he wished to represent himself *pro se*.

Thereafter, Raquinio filed an additional series of motions, including "[Raqunio's] Motion to Withdraw Guilty Plea. 1. Ineffective Counsel 2. New[]ly Discovered Evidence."  On February 27, 2020, the State filed "State's Opposition to [Rule 40] Petition . . ." and "State's Omnibus Opposition to All Motions Set for March 3, 2020" (**Omnibus Opposition**).  In the Omnibus Opposition, the State argued that Raquinio had failed to satisfy the "manifest injustice" standard for having his guilty plea set aside, and "request[ed] that the motion, and petition seeking the same relief be denied."  (Emphasis added.)  The State argued that the issues raised in Raquinio's other motions were waived when Raquinio changed his plea to guilty.

On March 6, 2020, the Circuit Court held a hearing on the Rule 40 Petition and Raquinio's motions.  The court stated that the motions were improperly filed and that Raquinio had been erroneously given a hearing date.  The court struck the motions and then denied the Rule 40 Petition.

The subsequent Order Denying Rule 40 Petition included the following findings of fact, which are unchallenged on appeal and are thus binding on the parties and this court, see State v. Rodrigues, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (2019):

> 2.   The Petitioner in this matter was represented by Frank Miller . . . in 3CPC-17-617.
>
> 3.   On November 13, 2017[,] Mr. Miller filed a motion to suppress evidence in 3CPC-17-617 on the grounds that there was a lack of reasonable suspicion for the stop of the defendant's vehicle, unlawful entry into defendant's vehicle, . . . and improper consent and statements given by the defendant.
>
> 4.   On December 20, 2017[,] the State Opposed the Motion to Suppress filed in 3CPC-17-617.
>
> 5.   On January 5, 2017[,] the Defendant, while represented by counsel changed his plea and was later sentenced[;] during the change of plea and sentencing he was represented by counsel Mr. Miller.
>
> 6.   At the time of the Defendant's change of plea the Defendant waived his right to file any pretrial motions.
>
> 7.   Attorney Frank Miller provided the Defendant with adequate and competent representation during the pendency of the 3CPC-17-617.
>
> 8.   The Petition, filed on October 15, 2019, alleges Attorney Frank Miller was ineffective by informing the Defendant that the motion to suppress hearing in 3CPC-17-617 was set for January 5, 2018 at 2:00 p.m. instead of 8:00 a.m.
>
> 9.   The record in 3CPC-17-617 reflects that the defendant was present on January 5, 2018 at 8:00 a.m.
>
> 10.   The Petition, argues that the conviction was obtained through the use of suppressible evidence.
>
> 11.   The Petition argues there is newly discovered evidence, however, the discovery relevant to 3CPC-17-617 was held by Mr. Miller during the pendency of the case and was available for review by the Defendant.

The Order Denying Rule 40 Petition also included the following conclusions of law (**COLs**):

> 2.   The Petition fails to allege facts that if proven would establish that Attorney Frank Miller was Ineffective in his representation of the Defendant, the record of 3CPC-17-617 demonstrates that attorney Frank Miller filed a motion to suppress on multiple grounds and the Defendant elected to forego a hearing on that motion in exchange for a plea deal with the State.  There is not a trace of support in the record or from other evidence submitted by the petitioner that Attorney Frank Miller was ineffective.
>
> 3.   The Petitioner's arguments that suppressible, or other illegally obtained evidence were used to obtained [sic] the

4

conviction were previously waived when the Defendant elected to change his plea instead of proceeding on the Motion to Suppress filed by Attorney Frank Miller in 3CPC-17-617, therefore those portions of the Petition are deemed inapplicable pursuant to HRPP Rule 40(a).

4.    The Petitioner's arguments relating to newly discovered evidence have no merit, as the complained of material was turned over in discovery by the State during the pendency of 3CPC-17-617, or do not relate to the facts of the Petitioner's underlying case.

Raquinio timely appealed from the Order Denying Rule 40 Petition.

## II. Discussion

Raquinio's points of error are difficult to discern. He appears to challenge his conviction in Criminal No. 3CPC-17-0000617 based on the following contentions:  (1) the conviction was obtained by use of evidence gained in a "false arrest" and an unlawful search and seizure; (2) Raquinio received ineffective assistance of trial counsel, who (a) failed to follow through with Raquinio's initial not guilty plea; (b) coerced Raquinio into entering a guilty plea; and (c) failed to pursue a viable motion to suppress; and (3) the State violated the plea agreement, rendering it null and void.[4/]  Raquinio also asserts that he is "withdrawing" his guilty plea.

We review a circuit court's denial of a HRPP Rule 40 petition without a hearing[5/] *de novo*, under the right/wrong standard.  See <u>Dan v. State</u>, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994).

> As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim.  To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true.

---

[4/]    Raquinio's points of error have been restated and condensed for clarity.  We note that the opening brief fails to comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28 in numerous material respects.  However, because we have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible[,]'" we address Raquinio's arguments to the extent they are discernible.  <u>Morgan v. Plan. Dep't. Cnty. of Kauai</u>, 104 Hawaiʻi 173, 180–81, 86 P.3d 982, 989–90 (2004) (quoting <u>O'Connor v. Diocese of Honolulu</u>, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)).

[5/]    The March 6, 2020 hearing, which the Circuit Court characterized as erroneously given, was not "a full and fair evidentiary hearing" as set forth in HRPP Rule 40(f).

> Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing. The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.

Id. (emphasis omitted) (quoting State v. Allen, 7 Haw. App. 89, 92-93, 744 P.2d 789, 792-93 (1987)).

We first address Raquinio's argument that he was coerced by his trial counsel into entering a guilty plea, which corresponds to Ground One of the Rule 40 Petition.[6] Raquinio contends that on January 5, 2018, his trial counsel and the State's prosecutor "changed my hearing from a suppression hearing [and] convinced the court I would be pleading guilty and changed the suppression hearing to a guilty plea[.] Then Miller came outside and forcefully coerced me and yelled at me until there was no time left . . . ." Raquinio further asserts that he was in a "sever[e] state of pain" and was "unable [to] stand firm and with [trial counsel] yelling at me to a deal with a jail sentence to be served, under the state of mind and physical condition I wasn't able to process what was actually going on in front of me at the moment dropping my guard leaving counsel to coerced [sic] me into what the prosecutor and [trial counsel] intended to do and that is what they did to get me to take a deal."

The State contends that there is no basis in the record to set aside Raquinio's guilty plea. The State argues that Raquinio signed a change of plea form, and the Circuit Court, following an extensive colloquy with Raquinio, found that he knowingly, voluntarily, and intelligently entered his guilty plea. The State further argues that Raquinio's claim of ineffective assistance of counsel was frivolous and waived during the change of plea colloquy.

The Order Denying Rule 40 Petition did not address Raquinio's claim that he was coerced by his trial counsel into entering a guilty plea. In addressing Raquinio's ineffective

---

[6] The Rule 40 Petition set forth Ground One as follows: "In[eff]ective Counsel[,] coerced into guilty plea[.]" Raquinio also alleged the following facts supporting Ground One: "Told me motion to suppress hearing was at 2:00 pm on 1/5/2018, Hearing was set for 8:00am."

assistance claim, the Order Denying Rule 40 Petition focused on Raquinio's allegation that Miller was "ineffective by informing the Defendant that the motion to suppress hearing in 3CPC-17-617 was set for January 5, 2018 at 2:00 p.m. instead of 8:00 a.m." The Circuit Court found that Raquinio was present at 8:00 a.m. for the January 5, 2018 hearing. The court also found that Miller filed a motion to suppress and that Raquinio "elected to forego a hearing on that motion in exchange for the plea deal with the State." On these bases, the court concluded that the Petition failed to allege facts that if proven would establish that Miller was ineffective in his representation of Raquinio.[7]

However, in Ground One of the Petition, Raquinio also alleged, albeit briefly, that he was coerced into a guilty plea. Raquinio similarly asserted in his October 7, 2019 Memorandum in Support of Rule 40 Petition that he was "coerced into guilty plea through an officer of the court Frank Miller, whom court appointed to me who intentionally ineffectively represented me." In motions filed on October 7, 2019 and January 30, 2020, Raquinio also sought to withdraw his guilty plea, arguing in part that "[i]t is possible for a person to withdraw a plea of guilty if it is made unknowingly and involuntarily." The State argued below and now argues on appeal that Raquinio failed to meet the applicable standard for setting aside his plea, but does <u>not</u> argue that the Petition did not raise the coercion issue.

We conclude that the Petition, fairly read in conjunction with Raquinio's related filings in the Circuit Court, alleged that Raquinio was coerced by his trial counsel into entering a guilty plea and that his plea should be set aside. <u>Cf.</u> <u>State v. Villanueva</u>, No. 30137, 2010 WL 2513330, *at 3-4 (Haw. App. June 23, 2010) (SDO) (construing documents filed by the defendant as a non-conforming HRPP Rule 40 petition and concluding that the defendant "was entitled to consideration of the issues he raised for post-conviction relief under HRPP Rule 40 and that the circuit court erred in failing to consider the

---

[7] On appeal, Raquinio does not appear to contend that the Circuit Court erred in ruling that the Petition failed to allege facts that if proven would establish that Miller was ineffective based on the alleged miscommunication about the time of the January 5, 2018 hearing.

documents he filed under HRPP Rule 40."). Because the Circuit Court did not address the coercion issue in the Order Denying Rule 40 Petition, we cannot properly determine whether the court erred in concluding that the Petition failed to allege facts that if proven would entitle Raquinio to relief under HRPP Rule 40. See In re Elaine Emma Short Revocable Living Tr. Agreement, 147 Hawaiʻi 456, 465, 465 P.3d 903, 912 (2020) ("[W]hen the lower court has failed to issue the requisite findings of fact to enable meaningful appellate review, it is not the function of the appellate court to conduct its own evidentiary analysis."); cf. Cacatian v. State, 70 Haw. 402, 404, 772 P.2d 691, 692 (1989), ("Given the wording of the trial court's order, we do not know if the court made the necessary finding that the petitioner's claim was patently frivolous and without a trace of support in the record or in other evidence submitted by the petitioner. If such was the case, the court below erred in not specifically so stating. If such was not the case, the court erred below in dismissing the petition.")

It appears that Raquinio's remaining contentions on appeal, save one addressed below, all turn at least in part on whether the issues sought to be raised were waived when Raquinio changed his plea to guilty. Because the Circuit Court did not address the coercion issue, we cannot properly evaluate whether the court erred in analyzing these other issues.

Accordingly, we vacate the Order Denying Rule 40 Petition as to COLs 2 and 3, and the concluding order of denial to the extent based on COLs 2 and 3.[8] On remand, the Circuit Court is instructed to address Raquinio's claim that he was coerced by his trial counsel into entering a guilty plea and that his plea should be set aside, and to evaluate Grounds One, Two and Three of the Petition in light of the court's findings.

Lastly, Raquinio contends that the plea agreement is null and void because he has not testified against any person or submitted to a polygraph test as provided for in the plea

---

[8] Raquinio does not state a point of error or make any discernible argument challenging COL 4, which addresses Ground Four of the Petition, Raquinio's claim relating to "newly discovered evidence." The issue is thus deemed waived. See HRAP Rule 28(b)(4), (7).

agreement.  This argument is deemed waived because Raquinio did not raise it in his Rule 40 Petition or related filings in the Circuit Court.  See Foo v. State, 106 Hawaiʻi 102, 114, 102 P.3d 346, 358 (2004).

For the reasons discussed above, we vacate in part the April 21, 2020 "Findings of Fact, Conclusions of Law, and Order Denying Petition Filed October 15, 2019," entered in the Circuit Court of the Third Circuit, as to COLs 2 and 3, and the concluding order of denial to the extent based on COLs 2 and 3. We affirm in all other respects, and remand this matter to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, April 29, 2022.


On the briefs:

Noe Kim Raquinio,
Self-represented
Petitioner-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge