**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000036
17-JUN-2025
07:48 AM
Dkt. 52 SO**

NO. CAAP-23-0000036

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MATTHEW NOE, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-22-0000785)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Matthew Noe (**Noe**) appeals from the Judgment of Conviction and Sentence; Notice of Entry entered on December 29, 2022, in the Family Court of the First Circuit (**Family Court**).[1] Following a bench trial, Noe was convicted of Abuse of Family or Household Members, in violation of Hawaii Revised Statutes (**HRS**) § 709-906(6).[2] On appeal, he contends there was no substantial evidence to support the conviction.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve

---

[1] The Honorable Gale L.F. Ching presided.

[2] HRS § 709-906(6) (Supp. 2021) provides, in relevant part:

It shall be a petty misdemeanor for a person to intentionally or knowingly strike, shove, kick, or otherwise touch a family or household member in an offensive manner; subject the family member or household member to offensive physical contact; or exercise coercive control, as defined in section 586-1, over a family or household member and the person shall be sentenced as provided in sections 706-640 and 706-663.

Noe's contentions as follows, and affirm.

Noe contends there was no substantial evidence that: (1) he acted intentionally or knowingly in allegedly kicking the complaining witness (**CW**) and (2) a bruise on the CW's forearm, as shown on State's Exhibit 1, was "consistent with a kick."

We review the sufficiency of evidence on appeal as follows:

> Evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Yuen, 154 Hawaiʻi 434, 444, 555 P.3d 121, 131 (2024) (brackets omitted) (quoting State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998)).

In order to convict Noe of abuse of a family or household member, the State was required to prove that he intentionally or knowingly struck, shoved, kicked, or otherwise touched the CW in an offensive manner or subjected the CW to offensive physical contact. HRS § 709-906(6).

At trial, the CW testified that Noe kicked her with his foot and that his foot came into contact with the CW's forearm. Noe testified, among other things, that his foot "may have" made contact with the CW. The Family Court found the CW's testimony "more credible." Noe argues there is no substantial evidence that the bruise on the CW's forearm shown in State's Exhibit 1 is "consistent with a kick," but that ignores the CW's testimony that Noe's foot came into contact with her forearm. "An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge." State v. Eastman, 81 Hawaiʻi 131, 139, 913 P.2d 57, 65 (1996) (citing Domingo v. State, 76 Hawaiʻi 237, 242, 873 P.2d 775, 780 (1994), and others).

Noe also argues there is no substantial evidence that he kicked the CW intentionally or knowingly. He points to the CW's statement at trial, "I don't think he meant to kick me

anywhere."  This statement, however, was only part of the CW's response to the question, "Where did he kick you?"  The CW responded in full, "I don't think he meant to kick me anywhere. He just kicked me, and I did like this, and he hit the -- hit right in my arm."

Based on all of the evidence presented at trial, considered in the strongest light for the prosecution, we conclude there was substantial evidence from which the Family Court could reasonably have inferred that Noe acted intentionally or knowingly with respect to his conduct.  See State v. Calaycay, 145 Hawaiʻi 186, 200, 449 P.3d 1184, 1198 (2019) ("[T]he mind of an alleged offender may be read from his acts, conduct, and inferences fairly drawn from all of the circumstances." (quoting State v. Kiese, 126 Hawaiʻi 494, 502-03, 273 P.3d 1180, 1188-89 (2012))).  In sum, there was substantial evidence that Noe intentionally or knowingly struck, kicked, or otherwise touched the CW in an offensive manner or subjected the CW to offensive physical contact.  On this record, the evidence was sufficient to support Noe's conviction.

For the reasons discussed above, the Judgment of Conviction and Sentence; Notice of Entry entered on December 29, 2022, in the Family Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, June 17, 2025.


On the briefs:

Tarita N. Keohokalole-Look,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge