JOHN K. LINCOLN, Petitioner-Appellant, *v.* STATE OF HAWAII, Respondent-Appellee

NO. 9169

(S. P. NO. 468)

SEPTEMBER 26, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI
and WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order denying and dismissing a petition for post-conviction relief. The petition was brought after a final judgment in a criminal proceeding on the ground

of newly discovered evidence pursuant to Rule 40(a)(1)(iv) of the Hawaii Rules of Penal Procedure (HRPP). We do not reach the merits of the order because it was entered without affording appellant a hearing. Rule 40(f), HRPP, provides:

> *Hearings.* If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.
>
> The petitioner shall have a full and fair hearing on his petition. The court shall receive all evidence that is relevant and necessary to determine the petition, including affidavits, depositions, oral testimony, certificate of the trial judge, and relevant and necessary portions of transcripts of prior proceedings. The petitioner shall have a right to be present at any evidentiary hearing at which a material question of fact is litigated.

Appellant's petition below was based upon a contention that the principal witness at appellant's murder trial had recanted his testimony involving appellant in the murder. He produced some evidence in support thereof by way of exhibits attached to his petition. His petition, therefore, was not patently frivolous or without a trace of support either in the record or from other evidence submitted by him. He was therefore entitled to a full and fair hearing before the court ruled upon his petition.

Accordingly, the order below is reversed and the matter is remanded with instruction to give appellant a hearing on his petition. Reversed and remanded.

*Eric A. Seitz* on the briefs for appellant.

*Shirley Smith,* Deputy Prosecuting Attorney, on the brief for appellee.