ARTHUR BIRANO, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.
No. 29050
Intermediate Court of Appeals of Hawaii.
April 24, 2009.
On the briefs:
Cynthia A. Kagiwada, for Petitioner-Appellant
Loren J. Thomas, Deputy Prosecuting Attorney, City and County of Honolulu, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., Watanabe and Leonard, JJ.
Petitioner-Appellant Arthur Birano (Birano) appeals the Order Denying Petition for Post-Conviction Relief (Order), filed on September 26, 2007, in the Circuit Court of the First Circuit (Circuit Court)[1]
On April 3, 2007, Birano filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody (Petition). Birano alleged eight grounds for relief as follows:
Ground One: The trial court violated Mr. Birano's right to be present at every stage of trial under the Hawai'i Rules of Penal Procedure and the Hawai'i Constitution.
State supporting FACTS (do not cite cases or law): At trial, codefendant and prosecution witness Nicolas Nakano invoked his Fifth Amendment privilege against self-incrimination. The trial court then conducted an improper ex parte in-chambers meeting with the prosecutor, Nicolas Nakano, and Nakano's attorney. Neither Mr. Birano nor his attorney were present. Following this improper ex parte communication, Nakano then testified at length on behalf of the prosecution.
Subsequently, Nakano has indicated that his trial testimony was not truthful.
Ground Two: The trial court violated Mr. Birano's right to be present at every critical stage of trial under the United States Constitution.
State supporting FACTS (do not cite cases or law): At trial, codefendant and prosecution witness Nicolas Nakano invoked his Fifth Amendment privilege against self-incrimination. The trial court then conducted an improper ex parte in-chambers meeting with the prosecutor, Nicolas Nakano, and Nakano's attorney. Neither Mr. Birano nor his attorney were present. Following this improper ex parte communication, Nakano then testified at length on behalf of the prosecution. Subsequently, Nakano has indicated that his trial testimony was not truthful.
Ground Three: The trial court violated Mr. Birano's right to have counsel present at all critical stages of the proceedings under the Hawai'i Constitution.
State supporting FACTS (do not cite cases or law): At trial, codefendant and prosecution witness Nicolas Nakano invoked his Fifth Amendment privilege against self-incrimination. The trial court then conducted an improper ex parte in-chambers meeting with the prosecutor, Nicolas Nakano, and Nakano's attorney. Neither Mr. Birano nor his attorney were present. Following this improper ex parte communication, Nakano then testified at length on behalf of the prosecution. Subsequently, Nakano has indicated that his trial testimony was not truthful.
Ground Four: The trial court violated Mr. Birano's right to have counsel present at all critical stages of the proceedings under the United States Constitution.
State supporting FACTS (do not cite cases or law): At trial, codefendant and prosecution witness Nicolas Nakano invoked his Fifth Amendment privilege against self-incrimination. The trial court then conducted an improper ex parte in-chambers meeting with the prosecutor, Nicolas Nakano, and Nakano's attorney. Neither Mr. Birano nor his attorney were present. Following this improper ex parte communication, Nakano then testified at length on behalf of the prosecution. Subsequently, Nakano has indicated that his trial testimony was not truthful.
Ground Five: The trial court violated Mr. Birano's right to due process under the United States Constitution by precluding the disclosure of exculpatory and impeachment evidence of one of the prosecution's key witnesses.
State supporting FACTS (do not cite cases or law): At trial, codefendant and prosecution witness Nicolas Nakano invoked his Fifth Amendment privilege against self-incrimination. The trial court then conducted an improper ex parte in-chambers meeting with the prosecutor, Nicolas Nakano, and Nakano's attorney. Neither Mr. Birano nor his attorney were present. Following this improper ex parte communication, Nakano then testified at length on behalf of the prosecution. At trial, Mr. Birano was precluded from asking any questions concerning the improper ex parte meeting. Subsequently, Nakano has indicated that his trial testimony was not truthful.
Ground Six: The trial court violated Mr. Birano's right under the Confrontation Clause of the Hawai'i Constitution by precluding Mr. Birano from any cross-examination of the prosecution's key witness on the improper ex parte communication.
State supporting FACTS (do not cite cases or law): At trial, codefendant and prosecution witness Nicolas Nakano invoked his Fifth Amendment privilege against self-incrimination. The trial court then conducted an improper ex parte in-chambers meeting with the prosecutor, Nicolas Nakano, and Nakano's attorney. Neither Mr. Birano nor his attorney were present. Following this improper ex parte communication, Nakano then testified at length on behalf of the prosecution. At trial, Mr. Birano was precluded from asking any questions concerning the improper ex parte meeting. Subsequently, Nakano has indicated that his trial testimony was not truthful.
Ground Seven: The trial court violated Mr. Birano's right under the Confrontation Clause of the United States Constitution by precluding Mr. Birano from any cross-examination of the prosecution's key witness on the improper ex parte communication.
State supporting FACTS (do not cite cases or law): At trial, codefendant and prosecution witness Nicolas Nakano invoked his Fifth Amendment privilege against self-incrimination. The trial court then conducted an improper ex parte in-chambers meeting with the prosecutor, Nicolas Nakano, and Nakano's attorney. Neither Mr. Birano nor his attorney were present. Following this improper ex parte communication, Nakano then testified at length on behalf of the prosecution. At trial, Mr. Birano was precluded from asking any questions concerning the improper ex parte meeting. Subsequently, Nakano has indicated that his trial testimony was not truthful.
Ground Eight: The trial court violated the Sixth and Fourteenth Amendments of the United States Constitution by imposing extended terms of imprisonment on Mr. Birano as both a multiple offender and a persistent offender because the facts underlying these terms were never submitted to a jury.
State supporting FACTS (do not cite cases or law): Following the jury verdict, the prosecution filed motions seeking extended terms of imprisonment based on Mr. Birano being a multiple offender and a persistent (or repeat) offender. The prosecution sought to increase Mr. Birano's terms of imprisonment beyond the prescribed statutory maximum terms determined by the jury. The trial court granted the prosecution's motion and imposed extended terms of imprisonment on Mr. Birano as follows: Life with possibility of parole (Counts 1 and 8); 20 years (Counts 3, 5 and 7); 10 years (Counts 4 and 6). The trial court rather than the jury determined the factual findings for the extended terms of imprisonment.
In the Petition, Birano stated the following reasons why he did not raise the errors before:
(a) Subsequent to the trial, petitioner learned of newly discovered evidence concerning Nicolas Nakano's trial testimony and motives to testify.
(b) To the extent that the claims existed at the time of appeal, appellate counsel was ineffective for failing to raise the claims on direct appeal.
(c) The United States Supreme Court recently decided to grant a petition for writ of certiorari in State v. Maugaotega, 107 Haw. 399, 114 P.3d 905 (2005), cert, granted and judgment vacated and remanded by 127 S. Ct. 1210 (Feb. 2007). Specifically, the Court remanded for further consideration in light of Cunningham v. California, 127 S.Ct. 856 (2007), which addressed extended term sentences.
The Petition was denied without a hearing. On appeal, Birano reasserts the same eight grounds as points of error on appeal. However, on appeal, Birano does not argue that his appellate counsel was ineffective for failing to raise the eight grounds earlier in his direct appeal.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Birano's points of error as follows:
Except as to Birano's claim of new evidence, Grounds One through Seven have previously been ruled upon in State v. Birano, 109 Hawai'i 314, 323-25, 126 P.3d 357, 366-68 (2006). Therefore, relief is not available pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40. HRPP Rule 40(a)(3). (Nakano) indicated that his trial testimony was not truthful  no evidence was submitted to support Birano's claim. Therefore, the Circuit Court did not err by denying the Petition without a hearing on this ground. Cf. Lincoln v. State, 66 Haw. 566, 567, 670 P.2d 1263, 1264 (1983) (petitioner produced some evidence in support of contention that principal witness had recanted his testimony; therefore, HRPP Rule 4 0 petition was not patently frivolous or without a trace of support and petitioner was entitled to a full and fair hearing).
Birano does not assert an ineffective assistance of appellate counsel claim in this appeal, therefore, this claim is waived. Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7).
In Ground Eight, Birano claims that his extended sentencing violated his constitutional rights because the extended sentence was imposed without a jury making findings of fact. See State v. Maugaoteora, 115 Hawai'i 432, 446-47, 168 P.3d 562, 576-77 (2007) (Maugaotega II). The State concedes that imposition of the extended sentences violated Biranofs constitutional rights, as those rights have come to be understood under Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny. We agree. Birano's extended term sentence was indeed inconsistent with Birano's right to a jury trial under the sixth amendment to the United States Constitution.
For these reasons, the Circuit Court's September 26, 2007 Order is vacated and the case is remanded to the Circuit Court (1) to grant in part Birano's Petition, to the extent that it seeks to set aside his extended sentence, and (2) for resentencing in accordance with this order and applicable law. See HRS §§ 706-661 to 706-664 (Supp. 2008) (Act 1); State v. Jess, 117 Hawai'i 381, 184 P. 3d 133 (2008) (determining that resentencing under Act 1 is not unconstitutional and also permitting a circuit court to resentence a criminal defendant under a judicially reformed version of the prior statute governing extended term sentencing).
NOTES
[1] The Honorable Dexter D. Del Rosario presided.