EUGENE SONNY RUIZ, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.
No. 27621.
Intermediate Court of Appeals of Hawai'i.
May 30, 2008.
On the briefs:
Eugene Sonny Ruiz, Petitioner-Appellant pro se.
Donn Fudo, Deputy Prosecuting Attorney, City and County of Honolulu, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, PRESIDING JUDGE, NAKAMURA and LEONARD, JJ.
Petitioner-Appellant Eugene Sonny Ruiz (Ruiz), pro se, appeals from the "Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment, Filed March 8, 2005, Without a Hearing" (Order) filed on October 27, 2005 in the Circuit Court of the First Circuit[1] (circuit court).
Ruiz filed his "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" on March 8, 2005 pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40. The circuit court granted Ruiz's ex parte motion for an extension of time to file a traverse in support of his petition, and Ruiz filed his "Traverse in Support of Petitioner's HRPP Rule 40" on June 27, 2005 (the petition and traverse are collectively referred to herein as "Rule 40 Petition").
In the underlying criminal case, Cr. No. 96-2279, the State of Hawai'i (State) charged Ruiz with Murder in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-701.5(1) (1993) and 706-656 (1993 & Supp. 2007). A jury found Ruiz guilty of causing the death of one of the children (Child) of Ruiz's girlfriend (Girlfriend). On November 3, 1997, the circuit court sentenced Ruiz to life imprisonment with the possibility of parole and a mandatory minimum term of imprisonment of fifteen years pursuant to HRS § 706-660.2 (1993) and entered its Judgment.
The circuit court granted the motion to withdraw of Ruiz's trial counsel (trial counsel), and the circuit court appointed substitute counsel for Ruiz (appellate counsel).
Ruiz appealed from the November 3, 1997 Judgment. In his appeal, Ruiz argued:
1. The circuit court erred when (a) it did not suppress the testimonies of Teves (a neighbor) and Dr. DiMauro (a pediatric radiologist), pursuant to Hawaii Rules of Evidence (HRE) Rule 404(b), that were relevant only to show Ruiz's propensity or character, and (b) failed to give any limiting instructions to guide the jury's consideration of the prior bad act evidence.
2. The circuit court erred when it allowed Girlfriend to testify because Girlfriend had been given a plea deal in exchange for her testimony.
3. The State committed prosecutorial misconduct in offering Girlfriend a plea deal in exchange for her testimony,
4. He was "denied a meaningful opportunity to question prosecution witnesses' testimony [specifically, Girlfriend, Teves, and Moani (his ex-wife)] and not permitted to inquire into [their] consistent and inconsistent statements to police, as well as admissions, even though such statements corroborated his defense."
5. The deputy prosecuting attorney committed repeated and deliberate misconduct by inviting the jury to consider matters not in evidence or alleged, eliciting testimony from Moani regarding prior bad acts of Ruiz, improperly cross-examining Ruiz as to whether other witnesses had committed perjury, repeatedly misstating the evidence in closing argument, misstating the burden of proof in closing argument, improperly referring to the charge of manslaughter in rebuttal, and uttering inflammatory remarks in rebuttal, and the circuit court failed to give cautionary or curative instructions to mitigate the resulting prejudice until after a recess.
6. The circuit court erred by allowing the State to improperly" bolster" its case by recalling Dr. Derauf and by admitting" into evidence of an expert witness's c.v.," and the deputy prosecuting attorney improperly argued from this evidence.
7. The circuit court erred when it failed to instruct the jury on included offenses for which there were rational bases in the evidence.
8. He was deprived of effective assistance of counsel because his trial counsel failed to fully investigate Ruiz's case; consult with Ruiz; competently cross-examine the State's witnesses; make appropriate motions to suppress unlawfully induced testimony; present witnesses on Ruiz's behalf, including expert witnesses; object to official misconduct; and object to the admission of, and the State's mischaracterization of, irrelevant and prejudicial propensity evidence; request appropriate jury instructions; and object to jury instructions.
9. There was not substantial or credible evidence to support the murder conviction.
10. Cumulative error mandated reversal.
On September 7, 1999, the Hawai'i Supreme Court, in No. 21169, summarily affirmed the circuit court's Judgment.
In Ruiz's Rule 40 Petition, he alleges generally for all four grounds he raises that he was denied effective assistance of counsel in that cumulative errors resulted in his illegal conviction, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. He specifically alleges for each ground:
Ground One: His trial and appellate counsel failed to produce evidence of Girlfriend's history of abusing Child and of Child Protective Service (CPS) reports prior to Girlfriend and Ruiz's involvement that would show a pattern of Girlfriend's abuse; his trial counsel failed to investigate Girlfriend's past for complaints or questionable behavior against her children; and his trial counsel failed to file an interlocutory appeal that supported Ruiz's innocence. Ruiz also alleges that Girlfriend's acceptance of a deal from the State in exchange for testifying against Ruiz created and manufactured evidence against Ruiz, and the State's failure to disclose the CPS complaints violated his right to present exculpatory evidence.
Ground Two: The burden was shifted to him to prove his innocence, and the judge did not give a curative instruction to the jury; his trial counsel failed to file an interlocutory appeal asking the appeals court if the State's key witness could change her testimony at trial, thereby manufacturing evidence by the State at trial; his trial counsel should have objected to the State's "coaching" Girlfriend on her testimony; his trial counsel failed to object to the State's" allegedly improper closing remarks"; his trial counsel failed to investigate CPS complaints of Girlfriend's abuse of her children; his appellate counsel failed to raise trial counsel's failure to investigate CPS complaints and the history of Girlfriend's abuse of her children before Ruiz met Girlfriend; and cumulative errors contributed to the jury's confusion as to Ruiz's guilt or innocence and impaired the jury's decision-making process and impartial fact-finding.
Ground Three: Prosecutorial misconduct at his trial (suppression of CPS complaints of Girlfriend's abuse of her children, Girlfriend's plea deal, and the State's "Motion in Limine"[2]) precluded him from putting on a defense, which compounded his guilt in front of the jury, thereby prejudicing his whole trial as unreliable and an unreasonable application of the administration of justice.
Ground Four: His fifteen-year mandatory minimum sentence violated the United States and Hawai'i Constitutions because it was not pled in the indictment and not submitted to the jury.
On appeal, Ruiz contends:
(1) His trial counsel was ineffective because counsel did not consult with an expert to testify about the Child's injuries and that Ruiz did not kill the Child, did not mount any defense except a "who done it defense," failed to investigate a shaken-baby defense, did not put forth Ruiz's D.N.A. test to disprove that Ruiz had sexually abused the Child, and failed to present any favorable evidence.
(2) His appellate counsel failed to raise the DNA issue on appeal.
(3) His trial counsel was ineffective because counsel did not put on a defense as to whether Ruiz or Girlfriend caused injuries to the Child.
(4) The circuit court erred by preventing Ruiz from inquiring about Girlfriend's full involvement into killing Child and from putting on a defense.
(5) The State violated his rights to fair trial by not disclosing evidence of Girlfriend's plea deal with State and of Girlfriend's prior bad acts of abusing her children, and by allowing Girlfriend to give false testimony.
(6) The deputy prosecuting attorney committed prosecutorial misconduct by violating a defense motion in limine to keep out Ruiz's prior bad acts, by accusing Ruiz at trial of other crimes of assault, and by asking Moani about Ruiz's prior behavior, and the circuit court erred in not giving a curative instruction to the jury or granting a mistrial.
(7) The circuit court failed to give jury instructions on lesser included charges.
(8) There was insufficient evidence to convict him of Murder in the Second Degree because there was no evidence linking him to the crime and no expert witness testified that Ruiz caused the Child's injuries.
(9) The circuit court abused its discretion when it sentenced him to life with a mandatory minimum sentence, pursuant to HRS § 706-661, of fifteen years.
(10) Ruiz's sentence is illegal under the Hawai'i Constitution that requires that "intrinsic facts" must be found by the trier of fact, not the judge.
(11) The Hawai'i Paroling Authority (HPA) abused its power in imposing a minimum term of fifty years, which was cruel, unusual, and inconsistent with other sentences for first-time offenders and females.
Ruiz fails to cite to any portion of the record on appeal in any part of his brief, in violation of Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(3), (4), and (7).
That being said, we address the issues Ruiz raised on appeal as follows:
This court does not address issues (1), (2), and (6) because Ruiz did not raise those issues in his Rule 40 Petition and has, therefore, waived them. State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) (issues not properly raised at the trial level are ordinarily deemed to have been waived on appeal).
Issues (3), (4), (5), (7), and (8) were raised on direct appeal and were previously ruled upon, and relief shall not be granted where the issue sought to be raised has been previously ruled upon. HRPP Rule 40(a)(3). To the extent that any of those issues is construed as raised for ineffective assistance of trial counsel or on different legal grounds, each of those claims is waived where Ruiz, represented by different counsel on appeal, failed to raise the ground previously and fails to demonstrate extraordinary circumstances to justify his failure to do so. HRPP Rule 40(a)(3). To the extent that the claims assert ineffective assistance of appellate counsel in connection with failure to raise those issues, Ruiz has failed to show that "(1) his appellate counsel omitted an appealable issue, and (2) in light of the entire record, the status of the law, and the space and time limitations inherent in the appellate process, a reasonably competent, informed and diligent criminal attorney would not have omitted that issue." Domingo v. State, 76 Hawai'i 237, 242, 873 P.2d 775, 780 (1994).
In issues (9) and (10), contrary to Ruiz's claim of an illegal sentence for the imposition of a mandatory minimum term under HRS § 706-660.2(5) (1993), the predicate factual findings necessary to support the imposition of the imposed fifteen-year mandatory minimum term were pled and made by the jury, consistent with State v. Tafoya, 91 Hawai'i 261, 275, 982 P.2d 890, 904 (1999), overruled in part on other grounds by State v. Jess, No. 28483, 2008 WL 837046, at *12 (Hawai'i March 31, 2008, as corrected April 4, 2008).
The Hawai'i Supreme Court has noted that the HPA has the "exclusive authority to determine the minimum time which must be served before the prisoner will be eligible for parole."
Williamson v. Hawai'i Paroling Authority, 97 Hawai'i 183, 194, 35 P.3d 210, 221 (2001) (quoting Commentary to HRS § 706-669 (1993)).
Therefore,
The "Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment, Filed March 8, 2005, Without a Hearing" filed on October 27, 2005 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Virginia Lea Crandall presided.
[2] Ruiz refers to the circuit court's evidentiary ruling that sustained objections made by the State, thereby limiting the cross-examination of Girlfriend regarding her acts of abuse to Child being the actual cause of Child's death, as a "Motion in Limine."