**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000070
06-MAY-2021
08:12 AM
Dkt. 69 SO**

NO. CAAP-18-0000070

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

TOBY J. STANGEL, Petitioner-Appellant
v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. S.P.P. 16-1-0029)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Self-represented Petitioner-Appellant Toby J. **Stangel** appeals from the "Findings of Fact, Conclusions of Law and Order Dismissing Petitioner Toby J. Stangel's Petition to Vacate, Set Aside, or Correct Illegal Judgment and Sentence Through a Writ of Habeas Corpus Pursuant to HRPP Rule 40" (**Order Denying Rule 40 Petition**) entered by the Circuit Court of the First Circuit[1] on December 29, 2017. For the reasons explained below, we affirm.

> On June 3, 2011, beginning at about 12:30 a.m., Stangel fired several shots at motorists stopped at the intersection of Kapiolani Boulevard and Waialae Avenue. Stangel shot at Michael Pagdilao three times. Stangel shot and killed Tammy Nguyen in front of her teenaged daughter, Cindy Nguyen, discharging nine shots. Stangel drove onto the H-1 Freeway in a westbound direction and, near the Likelike offramp, shot at Amie Lou Ascuncion three times, hitting her once in the back. Stangel shot Samson Naupoto, who attempted to help Amie Lou Ascuncion, once in the leg. Proceeding further west on the Moanalua Freeway by the H-1 off-ramp, Stangel fired four or five shots at HPD Officers Robertson and Ogasawara, who were supporting a traffic stop.

---

[1] The Honorable Christine E. Kuriyama presided.

> Stangel was eventually apprehended near the Kaamilo Street overpass on the H-l Freeway.

State v. Stangel, No. CAAP-13-0003941, 2015 WL 836928 (Haw. App. Feb. 26, 2015) (mem.) (**Stangel I**), cert. denied, No. SCWC-13-0003941, 2015 WL 4167543 (Haw. July 9, 2015), overruled by State v. Lavoie, 145 Hawaiʻi 409, 433 n.43, 453 P.3d 229, 253 n.43 (2019) (holding that place to keep firearm can be a continuing offense).

After a jury trial, Stangel was convicted of Murder in the Second Degree (Count 4) and two counts of Attempted Murder in the Second Degree (Counts 5 and 7), among other offenses. For Counts 4, 5, and 7, Stangel was sentenced to three terms of life imprisonment with the possibility of parole, with a mandatory minimum of 20 years for each count, to be served consecutively, and restitution totaling $20,386.69.[2]

Stangel appealed. We summarized his arguments:

> On appeal, Stangel argues that the Circuit Court erred because it (1) precluded the expert testimony of his forensic psychologist [Marvin W. **Acklin**, Ph.D.] who would have testified regarding Stangel's defense of penal irresponsibility and pathological intoxication; (2) failed to instruct the jury on merger on firearms charges and mandatory minimum sentences; (3) failed to include, in the special interrogatories given to the jury, the requisite state of mind for possession, threat to use, or use of a firearm as an element of an aggravated offense; (4) considered Stangel's suppressed statement at sentencing; and (5) considered uncharged alleged misconduct unsubstantiated by the record when sentencing Stangel to consecutive terms of imprisonment.

Stangel I, 2015 WL 836928, at *6.

In Stangel I we held that the sentencing judge considered uncharged and unsubstantiated illegal conduct by Stangel to support the imposition of consecutive sentences. We vacated the part of Stangel's sentence that imposed consecutive terms of incarceration for Counts 4, 5, and 7, and remanded for resentencing before another judge. The August 14, 2013 judgment of conviction and sentence was affirmed in all other respects.

---

[2] The Honorable Glenn J. Kim presided over the trial and sentencing.

On remand, the circuit court[3] resentenced Stangel to life imprisonment with the possibility of parole, with a mandatory minimum of 20 years, on each of Counts 4, 5, and 7, to be served consecutively, and restitution totaling $20,386.69. An Amended Judgment of Conviction and Sentence was entered on March 23, 2016. An order granting the State's motion for consecutive terms of imprisonment, containing findings of fact and conclusions of law, was entered on April 25, 2016. Stangel did not appeal from his amended sentence.

Stangel filed his "Petition to Vacate, Set Aside, or Correct Illegal Judgment and Sentence Through a Writ of Habeas Corpus Pursuant to HRPP Rule 40" (**Rule 40 Petition**) on November 29, 2016. The Rule 40 Petition argued: **(1)** Stangel received ineffective assistance of counsel because trial counsel did not move for change of venue or appeal from the trial court's rulings on the State's motions in limine; **(2)** the trial court erred by not allowing opinion testimony from Dr. Acklin; **(3)** the trial court erred by granting the State's motion in limine and by failing to give various jury instructions; **(4)** the trial court erred by imposing consecutive sentences; and **(5)** the trial court erred by increasing the amount of restitution. The first three arguments were, or could have been, made in Stangel's direct appeal. The last two arguments could have been made in a direct appeal from the amended sentence.

The State's answer was filed on December 20, 2016. Stangel contends he never received a copy of the State's answer.

The circuit court entered the Order Denying Rule 40 Petition on December 29, 2017, without conducting a hearing.

This appeal followed.[4]

---

[3] The Honorable Richard K. Perkins presided over the resentencing.

[4] The State contends that Stangel's notice of appeal was untimely. The "notice of appeal is deemed filed for purposes of Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a) on the day it is tendered to prison officials by a [self-represented] prisoner." Setala v. J.C. Penney Co., 97 Hawaiʻi 484, 485, 40 P.3d 886, 887 (2002) (cleaned up). In this case, HRAP Rule 4(b) provides the controlling time period rather than HRAP Rule 4(a).

(continued...)

We review a circuit court's denial of a Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40 petition without a hearing de novo, under the right/wrong standard. Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994).

> As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true. Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing. The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.

Id. (citation omitted).

Stangel's opening brief makes four arguments:

1.  "The circuit court erred by not recognizing the violation of [Stangel]'s right to 'Notice' and 'Confrontation' by [the State]'s failure to adhere to HRPP Rule 49(a)&(b)."

2.  "The circuit court erred by not recognizing appellate counsel's [ineffective assistance of counsel] and taking appropriate action for rememdy [sic]."

3.  "The circuit court erred in not recognizing the plain error of the trial court."

4.  "The circuit cour[t] erred in not recognizing the brightline exception of 'illegal sentence' to the 'Inapplicability' of HRPP Rule 40(a)(3)."

(Underscoring omitted.)

---

[4](...continued)
Stangel is a self-represented prisoner. Although the electronic filing date of Stangel's notice of appeal is February 6, 2018, the back of the envelope appears to have a handwritten signature and date of "1/24/18," which is presumably the date the envelope was tendered to prison officials for mailing. Under the holding in Setala the effective date of Stangel's notice of appeal is January 24, 2018, within thirty days after entry of the Order Denying Rule 40 Petition on December 29, 2017.

**(1)** Stangel's first argument is based upon the State's alleged failure to serve him with a copy of its answer to his Rule 40 Petition, in violation of HRPP Rule 49.[5]

The certificate of service appended to the State's answer is dated December 20, 2016 (the date of filing), and states "a copy of the foregoing <u>will be</u> served on the following party(ies) by U.S. Mail or personal delivery: Toby J. Stangel" (underscoring added). The record does not contain a certification by the State that the State's answer <u>was</u> served on Stangel.[6] Even if Stangel was never served with the State's answer, he has not shown resultant prejudice; i.e., that the circuit court erroneously denied his Rule 40 Petition based on something contained in the State's answer.

Stangel argues that if he had been served with the State's answer, he could have amended his Rule 40 Petition to address the circuit court's "confusion caused by the lack of

---

[5]    HRPP Rule 49 provides, in relevant part:

> **(a)    Service: When required.** All written submissions to the court . . . shall be served upon each of the parties promptly after filing, unless otherwise ordered by the court.
>
> **(b)    Service: How made.** . . .
>
> . . . .
>
> (2)    SERVICE OF OTHER DOCUMENTS. . . . [S]ervice of documents other than complaint, indictment, information, bench warrant, summons or subpoena shall be made . . . (b) by mailing it to the attorney or party at the attorney's or party's last known address[.]
>
> . . . .
>
> **(c)    Proof of service.** . . . Proof of service of documents other than the complaint, indictment, information, bench warrant or summons may be made by written acknowledgment of service, by affidavit or declaration of the person making service, or by any other proof satisfactory to the court, unless otherwise provided by law.

[6]    Stangel attached a copy of his "Inmate Mail History" to his opening brief. The document purports to show that Stangel received no mail from the Office of the Prosecuting Attorney after December 20, 2016. We disregard the document because it is not part of the record. HRAP Rule 28((b)(10) ("Anything that is not part of the record shall not be appended to the brief[.]").

5

clarity in the Petition regarding which counsel — trial or appellate — [Stangel] was lodging his [ineffective assistance of counsel] claims against, and why." The circuit court appears to have understood that Stangel was alleging ineffective assistance of his trial counsel. The circuit court concluded:

> 11. As to [Stangel]'s first claim for ineffective assistance of counsel, [Stangel] has waived this issue because he was represented by different counsel on direct appeal to the ICA, failed to raise this issue at the time of appeal, and has failed to demonstrate extraordinary circumstances justifying his failure to do so. See HRPP Rule 40(a)(3). See Ruiz v. State, 184 P.3d 839, 2008 Haw. App. LEXIS 288 [2008 WL 2225666] (May 30, 2008). See also Findings of Fact ("FOF") #20, 22, and 31. Thus, [Stangel] had a realistic opportunity to raise the issue of ineffective assistance of counsel, but failed to do so. See Briones v. State, 74 Haw. 442, 848 P.2d 966, 1993 Haw. LEXIS 23 (1993).

(Footnote omitted.) The referenced findings of fact state:

> 20. On August 15, 2013, counsel for [Stangel], John Schum, filed a Motion to Withdraw and Substitute Counsel.
>
> . . . .
>
> 22. On September 12, 2013, the court filed an Order Granting Mr. Schum's Motion to Withdraw as Counsel for [Stangel]. The Order referred [Stangel] to the Office of the Public Defender for appointment.
>
> . . . .
>
> 31. On October 13, 2015, Mr. Schum entered an appearance for [Stangel] and sought an Order from the court to allow the Office of the Public Defender to withdraw as counsel for [Stangel].

The Office of the Public Defender was appointed counsel for Stangel effective September 19, 2013. Stangel's notice of appeal was filed on October 11, 2013, by the Office of the Public Defender. Stangel's trial counsel re-appeared for Stangel on October 13, 2015, after we issued Stangel I.

Stangel argues his Rule 40 Petition actually claimed his deputy public defender appellate counsel was ineffective for failing to argue in his direct appeal that his privately retained trial counsel was ineffective. Stangel did not serve the Office

of the Public Defender with his Rule 40 Petition.  HRPP Rule 40 provides, in relevant part:

> **(f)    Hearings.** . . .
>
> . . . .
>
> Where the petition alleges the ineffective assistance of counsel as a ground upon which the requested relief should be granted, the petitioner shall serve written notice of the hearing upon the counsel whose assistance is alleged to have been ineffective and said counsel shall have an opportunity to be heard.

Stangel's failure to serve the Office of the Public Defender with the Rule 40 Petition precluded the circuit court from considering any claim by Stangel that his appellate attorney was ineffective.

**(2)**    Stangel also argues on appeal that the circuit court should have recognized — on its own — that Stangel's appellate counsel was ineffective in Stangel's direct appeal, because appellate counsel did not argue that trial counsel's failure to file a motion to change venue constituted ineffective assistance of counsel.  Stangel did not serve the Office of the Public Defender with his opening or reply briefs.  Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28 provides, in relevant part:

> **Rule 28.   BRIEFS.**
>
> **(a)    Format, service, and page limitation.** . . . . If a brief raises ineffective assistance of counsel as a point of error, the appellant shall serve a copy of the brief on the attorney alleged to have been ineffective.

Stangel's failure to serve the Office of the Public Defender with his opening brief or reply brief precludes us from considering his claim that he received ineffective assistance of counsel from the Office of the Public Defender on his direct appeal.

**(3)**    Stangel next argues that "the circuit court should have recognized the trial court's plain error in its decisions to: 1) Grant the Prosecution's Motions in Limine that eliminated Appellant's entire witness list and therefore his opportunity to present a substantial defense; 2) Not give [extreme mental or emotional disturbance] instructions to the jury, knowing there

7

was evidentiary support for such a mitigating defense; and, 3) Issue consecutive sentences based on unsubstantiated claims."

HRPP Rule 40(a) provides:

> (3) INAPPLICABILITY. Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised **have been previously ruled upon or were waived**. Except for a claim of illegal sentence, **an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal**, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is **unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue**. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

(Emphasis added.)

The trial court's alleged error in granting the State's motion in limine was at issue in Stangel I. We held that the trial court did not err when it excluded the testimony of Stangel's expert psychologist Dr. Acklin. Id. at *6-8. To the extent the State's motion in limine pertained to witnesses other than Dr. Acklin, any alleged error could and should have been raised in Stangel's direct appeal. The circuit court was not wrong to deny the Rule 40 Petition on that issue.

The trial court's alleged error in failing to give a jury instruction on extreme mental or emotional disturbance could and should have been raised on direct appeal. Stangel has not proven the existence of extraordinary circumstances to justify his failure to challenge jury instructions on his direct appeal, nor has he rebutted the presumption that his failure to appeal that issue was a knowing and understanding failure. The issue is waived; the circuit court was not wrong to deny the Rule 40 Petition on that issue.

The trial court's imposition of "consecutive sentences based on unsubstantiated claims" was addressed in Stangel I. We agreed with Stangel that the trial judge erred by considering uncharged and unsubstantiated illegal conduct by Stangel to

8

support the imposition of consecutive sentences.[7]  Id. at *13-14.
We vacated the part of Stangel's sentence that imposed
consecutive terms of incarceration for Counts 4, 5, and 7, and
remanded for resentencing before another judge.

On remand, a different judge resentenced Stangel to
life imprisonment with the possibility of parole, with a
mandatory minimum of 20 years, on each of Counts 4, 5, and 7, to
be served consecutively, and restitution totaling $20,386.69 (the
same amount as the original sentence).  We initially note that
Stangel failed to include the transcript of the resentencing
hearing in the record on appeal.  See State v. Hoang, 93 Hawaiʻi
333, 336, 3 P.3d 499, 502 (2000) (noting, in case alleging the
State's failure to properly charge the criminal defendant, that
"[w]ithout the relevant transcript, there is insufficient
evidence to review the alleged error, and [appellant] carries the
burden of demonstrating the alleged error in the record.").

The judge who resentenced Stangel entered an order
granting the State's motion for consecutive terms of imprison-
ment.  That order contained written findings addressing the
sentencing factors set forth in Hawaii Revised Statute (**HRS**)
§ 706-606.  The judge then concluded:

> 7.    The nature and circumstances of the offenses,
> the history and the characteristics of the Defendant; and
> the need for the sentence imposed to reflect the seriousness
> of the offenses, to promote respect for the law, to provide
> just punishment for the offenses, afford adequate deterrence
> to criminal conduct, to protect the public from further
> crimes of the Defendant; and to avoid unwarranted sentence
> disparities among defendants with similar records who have
> been found guilty of similar conduct require that
> Defendant's sentence in counts IV, V and VII run
> consecutively.

Thus, the judge who resentenced Stangel properly "consider[ed]
the factors set forth in HRS § 706-606 'in determining whether
the terms imposed are ordered to run concurrently or

---

[7]    The trial court stated, during Stangel's original sentencing
hearing, "*I think it's safe to infer that he's been illegally carrying around
a handgun for years*.  You add those two things together, years of severe
substance abuse and carrying a gun around, and what you've essentially got is
a lethal time bomb just waiting to go off."  Stangel I, at *13.

consecutively[.]'" <u>State v. Barrios</u>, 139 Hawaiʻi 321, 333, 389 P.3d 916, 928 (2016) (citing HRS § 706-668.5(2)).  The judge who resentenced Stangel did not impose "consecutive sentences based on unsubstantiated claims," as alleged by Stangel.  The circuit court was not wrong to deny the Rule 40 Petition on that issue.

**(4)**  Finally, Stangel argues that his sentence for restitution is illegal because the victim restitution statute is an ex post facto law that unconstitutionally increased his restitution obligation.

The statute at issue is HRS § 353-22.6.  When Stangel committed his crimes in June 2011, the statute read:

> The director of public safety shall enforce victim restitution orders against moneys earned by the prisoner while incarcerated.  The amount deducted and paid once annually to the victim shall be ***ten per cent of the prisoner's annual earnings***.  This section shall not apply to moneys earned on work furlough pursuant to section 353-17.

HRS § 353-22.6 (1993) (emphasis added).

The statute was amended before Stangel was convicted.  Effective July 1, 2012, HRS § 353-22.6 provided:

> The director of public safety shall enforce victim restitution orders against all moneys earned by the inmate or deposited or credited to the inmate's individual account while incarcerated.  The amount deducted shall be ***twenty-five per cent of the total of all moneys earned, new deposits, and credits to the inmate's individual account***. The moneys intended for victim restitution shall be deducted monthly and paid to the victim once the amount reaches $25, or annually, whichever is sooner.  This section shall not apply to moneys earned on work furlough pursuant to section 353-17.

HRS § 353-22.6 (Supp. 2012) (emphasis added).

Stangel argues the 25% statutory deduction amount is unconstitutional as applied to him because the deduction amount was only 10% when he committed his crimes.  Stangel's argument is without merit.  When he committed his crimes he was not under a sentence of restitution; he was never subject to the 10% deduction amount.

When Stangel was originally sentenced on August 14, 2013, it was to pay restitution of $20,386.69, and the 25%

statutory deduction amount applied.  When he was resentenced on March 23, 2016, the amount of restitution remained the same, and the statutory deduction amount also remained the same.

For the foregoing reasons, the Order Denying Rule 40 Petition entered by the circuit court on December 29, 2017, is affirmed.

DATED:  Honolulu, Hawaiʻi, May 6, 2021.

On the briefs:

Toby J. Stangel,
Self-represented
Petitioner-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge